UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-00362-H

UNITED STEEL SUPPLY, LLC              PLAINTIFF

V.

LAWRENCE H. BULLER                DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, United Steel Supply, LLC, filed this action against Defendant, Lawrence H. Buller, in Jefferson Circuit Court for breach of the covenant not to compete and breach of contract for soliciting business from Plaintiff's customers. Essentially, Plaintiff seeks declaratory judgment and injunctive relief due to Defendant's current employment with a direct competitor. Defendant removed the case to this Court pursuant to 28 U.S.C. § 1446(a) and 28 U.S.C. § 1332(a) on the basis of diversity jurisdiction. Now, Plaintiff has moved for remand to the Jefferson Circuit Court.

This motion presents a quite unusual application of the so-called "forum defendant rule", 28 U.S.C. § 1441(b)(2), requiring the Court to engage in statutory interpretation and a choice of law analysis. The answers to the issues in this case are by no means clear-cut, and both sides present reasonable arguments based on policy and law. The result seems to rest on whether this Court should apply state or federal law in determining the sufficiency of service of process in construing the federal removal statute. The Court's step-by-step analysis leads to the conclusion that Defendant's removal was proper under the forum defendant rule.

I.

Defendant removed this case from a Kentucky state court to this federal court on the basis of diversity jurisdiction. Defendant is a Kentucky citizen and Plaintiff is a Texas limited liability company with its principal place of business in Texas. Plaintiff argues that removal of this case violated the forum defendant rule, which provides that removal based on diversity jurisdiction is prohibited where "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The rule is designed to prevent a forum resident defendant from removing to federal court, because doing so would run counter to the rationale for removal. Plaintiff argues that this case should be remanded, as Defendant, a citizen of Kentucky, is a "forum defendant."

However, the forum defendant rule only applies to those defendants "properly joined and served." *Id.* Defendant contends that he removed the case prior to Plaintiff properly effectuating service upon him pursuant to Kentucky law. On the other hand, Plaintiff argues that the "properly joined and served" language should not be strictly enforced and therefore construed to allow Defendant to avoid the forum defendant rule. The parties' conflict in interpreting § 1441(b) "is not novel; in fact, it has been the topic of much jurisprudential debate with varying success across the country." *NFC Acquisition, LLC v. Comerica Bank*, 640 F. Supp. 2d 964, 969 (N.D. Ohio 2009).

Plaintiff principally relies on the reasoning of a District Court for the Eastern District of Kentucky opinion, where the Court considered whether § 1441(b) should be construed to allow "a corporate defendant [to] remove an action, even if it is a citizen of the forum state, until it has been served under the relevant procedural rules." *In re Darvocet, Darvon, & Propoxyphene Prods. Liab. Litig.*, 2012 WL 2919219, *2 (E.D. Ky. July 17, 2012). The Court determined that

this interpretation invited a type of "gamesmanship by defendants, which could not have been the intent of the legislature in drafting the properly joined and served language." *Id.* (quoting *Ethington v. Gen. Elec. Co.*, 575 F. Supp. 2d 855, 861 (N.D. Ohio 2008)). The Court cautioned against blindly applying that interpretation of the rule, because doing so would allow defendants to "avoid the imposition of the forum defendant rule so long as they monitor the state docket and remove the action to federal court before they are served by the plaintiff." *Id.* at *3 (quoting *Ethington*, 575 F. Supp. 2d at 861).

This Court does not believe that this analysis is sufficient to decide the question presented here, because the statutory language is clear and unambiguous. As explained in more detail later in this Memorandum Opinion, the Court is not persuaded to read this requirement out of the statute without a more convincing argument than defendants could potentially abuse the requirement under some other circumstances.

II.

The Court will next address whether service and thus removal was proper, to determine whether Plaintiff is entitled to remand. As the Court suggested in its opening, the ultimate conclusion of this matter depends on whether state or federal law applies.

A.

Defendant maintains that service upon him was improper under Kentucky Rule of Civil Procedure 4.01(1)(a), which provides that service via certified mail is proper if the plaintiff provides "instructions to the delivering postal employee to deliver to the addressee only and show the address where delivered and the date of delivery." On March 6, 2013, Plaintiff mailed the summons and complaint to Defendant at Defendant's home address via certified mail, without checking the box that limits delivery to the addressee. Defendant's wife, Jennifer Buller,

received and signed for the parcel on March 7, 2013. Indeed, Plaintiff does not seem to contest that delivery was insufficient under Kentucky law.

On the other hand, Rule 4(e) of Federal Rules of Civil Procedure allows for service to an individual within a judicial district of the United States by "leaving a copy of [the summons and the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." FED. R. CIV. P. 4(e)(2)(B). Here, the summons left with Defendant's wife at Defendant's residence was concededly in compliance with the Federal Rules. *See Smith v. Peters*, 482 F.2d 799, 802 (6th Cir. 1973) (holding that summons on the party's wife was procedurally proper, because "the Federal Rules of Civil Procedure required service of process to be made on the defendant personally, or by leaving copies at his dwelling house with some person of suitable age and discretion, residing therein.").

B.

The question remains whether this Court should apply federal or state procedural rules to the issue of sufficiency of process. Plaintiff attempted to effectuate service while the matter was before Kentucky courts. Naturally, a state court would apply Kentucky law when addressing any issue concerning sufficiency of process. However, the question is presented here to a federal court. The Federal Rules explicitly state that "[t]hese rules apply to a civil action after it is removed from a state court." FED. R. CIV. P. 81(c)(1). The Kentucky Rules state, "These rules govern procedure and practice in all actions of a civil nature in the Court of Justice." KY. R. CIV. P. 1(2).

These rules could stand for two seemingly contradictory propositions: (1) that the Federal Rules govern the entire lawsuit once removed, thereby applying federal rules of procedure to any action taken in furtherance of that lawsuit, even those originally taken in state court, and (2) that

the State Rules governs actions taken while the matter remains in state court, and federal rules of procedure govern actions taken post-removal. Though one can certainly make a reasoned argument supporting the former, the Court believes that the latter proposition provides the better and correct analysis.

Two cases that use different reasoning convince the Court to reach this result. In *Cowen v. American Medical Systems, Inc.*, 411 F. Supp. 2d 717 (E.D. Mich. 2006), the plaintiffs filed their complaint in state court against the manufacturer of the husband's penile implant, but served the wrong company. Plaintiffs moved the state court to issue an amended summons. The proper defendant, after receiving such summons, removed the case to federal court. After removal, the defendant moved to dismiss on grounds that the state court had no power to issue the second summons, so service on the defendant was improper. After concluding that the state court issued the second summons erroneously, District Judge Lawson held that the state court service of process rules governed the validity of the service of process, because plaintiffs attempted to effectuate service of process pre-removal, while the case was still before a Michigan state court. *Id.* at 720. The Court in *Cowen* relied on Wright and Miller's *Federal Practice and Procedure* in reaching this conclusion. According to that trusted treatise,

> [i]n most actions that are removed to federal courts, service of process has been accomplished prior to the completion of removal. On occasion, however, either this is not the case or a question arises as to an error in the pre-removal process or whether a party can be added after removal. . . . [A] defect in service that occurs prior to removal can be cured after removal by the federal court issuing new process or by an amendment of the original process. In determining the validity of service in the state court prior to removal, a federal court must apply the law of the state under which the service was made. The sufficiency of service made after removal, however, is to be judged under federal rather than state law. . . . Thus, when one of several defendants was not served prior to removal it has been held that there is no process to "complete" and new process must be issued pursuant to [Federal] Rule 4. Since the federal courts have demonstrated a desire to prevent unnecessary dismissals by retaining removed

5

> cases and curing defects in the state court service, the defendant can obtain a dismissal for lack of jurisdiction after removal only when the original service in the state court was improper, and the plaintiff finds it impossible to perfect service under Rule 4 after removal.

4A Wright & Miller, *Federal Practice and Procedure* § 1082 (2013) (internal footnotes omitted).

Earlier, the Sixth Circuit reached the same conclusion discussing the rules governing the scope of applicability of the Federal Rules and the States Rules. *Pac. Employers Ins. Co. v. Sav-a-Lot of Winchester*, 291 F.3d 392, 400-01 (6th Cir. 2002); *see* KY. R. CIV. P. 1(2); FED. R. CIV. P. 81(C). In that case, the plaintiff filed an amended complaint while the action was still pending in the Kentucky Circuit Court. After removing the case, a defendant sought dismissal on the grounds that under Kentucky law, the amended complaint did not relate-back. The plaintiff argued that the more lenient federal relation-back rule applied. The Sixth Circuit held that as long as the matter remained in Kentucky court, the Kentucky Rules applied. The Federal Rules applied only after removal. *Id.* It concluded that federal courts should apply state rules to determine the legality of proceedings prior to removal. *Id.*

Accordingly, after removal, this Court concludes that it should apply Kentucky rules to govern the requirements for service of process, even though that service would be considered proper if the Federal Rules governed. From this perspective, the Court must conclude that because Plaintiff did not serve Defendant properly under Kentucky Rule 4.01(1)(a), the plain terms of the forum defendant rule do not bar removal. The Court maintains jurisdiction over this case.

### III.

The obvious objection to this result is that it tends to obviate the purpose and effect of the forum defendant rule, which is to prevent a forum defendant from removing an action to federal

6

court. In this case, applying the forum defendant rule to require remand would mandate that the Court ignore one of its specific requirements.

The plain language of § 1441(b)(2), however, requires proper service for application of the forum defendant rule. The Court is not inclined to disregard this language, or read it out of the statute, especially because Congress amended the forum defendant rule in 2011 without altering the "properly joined and served" language despite the recognized disagreement among courts as to its application. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103(a)(3), 125 Stat. 758, 759 (2011); *NFC Acquisition, LLC*, 640 F. Supp. 2d at 969.

Moreover, "in matters of statutory interpretation, we look first to the text and, if the meaning of the language is plain, then 'the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1106 (6th Cir. 2010) (quoting *Lamie v. U.S. Treasury*, 540 U.S. 526, 534 (2004)). The result here is not so absurd that the Court should construe the statute differently than the plain language mandates.

Finally, removal implicates "federalism concerns, [so] removal statutes are to be narrowly construed." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Accordingly, as stated above, this Court will interpret the statute to require proper joinder and service.[1] By virtue of 28 U.S.C. § 1448[2] and the Court's discretion granted by the Federal Rules

---

[1] The Court makes no judgment as to whether this same holding would apply to cases where the plaintiff actually presents evidence that the defendant engaged in a sort of gamesmanship to obtain federal jurisdiction prior to the time when plaintiff can properly serve him.

[2] This statute provides,
> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process

over the timing of service of process, Plaintiff may now effectuate service according to Federal Rule 4.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is DENIED.

cc: Counsel of Record

---

or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448.